UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60383-CIV-ZLOCH

RONALD C. WILLIAMS,

    Plaintiff,

vs.

**O R D E R**

JOSEPH MERCOGLIANO, STEVEN
BOWSER, and JASON GRACE,

    Defendants.
_____/

    THIS MATTER is before the Court upon the Report Of Magistrate Judge (DE 55) filed herein by United States Magistrate Judge Patrick A. White, Defendants Objections To Report Of Magistrate Judge (DE 56), Defendant Joseph Mercogliano's Motion To Dismiss (DE 22), which has been converted to a Motion For Summary Judgment, and Defendants Steven Bowser and Jason Grace's Motion To Dismiss (DE 24), which has been converted to a Motion For Summary Judgment. The Court has conducted a de novo review of the entire record herein and is otherwise fully advised in the premises.

    By prior Order (DE 30), Magistrate Judge Patrick White deferred ruling on Defendants' Motions To Dismiss (DE Nos. 22 & 24) by converting them to Motions For Summary Judgment. In the instant Motions (DE Nos. 22 & 24), Defendants argue that they are entitled to qualified immunity from Plaintiff's constitutional claims. In the instant Report (DE 55), United States Magistrate Judge Patrick A. White recommends denying Defendants' instant Motions.

Specifically, Magistrate Judge White concludes that genuine issues of material fact remain as to the constitutional claims, and therefore summary judgment must be denied. In addition, Judge White concludes that those same genuine issues of material fact must be resolved in Plaintiff's favor for purposes of analyzing Defendants' claims of qualified immunity. Therefore, the instant Report recommends denying qualified immunity to Defendants. The Court agrees with the recommendation of the instant Report (DE 55). However, its analysis of the facts and governing caselaw to be applied in qualified immunity context lacked the specificity that Parties and any reviewing court may need to understand why Defendants' Motions (DE Nos. 22 & 24) are being denied. For the benefit of the Parties and any reviewing court, the Court adopts the instant Report (DE 55) and further sets forth its analysis of the facts and the reasoning to be applied to cases that involve qualified immunity.

Before analyzing the issue of qualified immunity, the Court's first inquiry must be as to whether a constitutional violation has taken place. <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001). The Court agrees with the analysis and conclusions of the instant Report (DE 55), that genuine issues of material fact remain as to whether Defendants' actions constituted violations of Plaintiff's constitutional rights. Therefore, construing the facts in the light most favorable to the Plaintiff, summary judgment must be

denied to Defendants as to Plaintiff's constitutional claims. Fed. R. Civ. P. 56(c).  Therefore, without a finding that no constitutional violation has taken place, the Court proceeds to analyzing the issue of qualified immunity.

In determining whether state actors are entitled to qualified immunity, the Court must take the facts "as alleged and supported by affidavits and deposition testimony" in the light most favorable to Plaintiff.  Bruce v. Beary, 498 F.3d 1232, 1236 n.2 (11th Cir. 2007).  That is, the Court must first resolve all issues of material fact in favor of Plaintiff and then answer the legal question of whether Defendants are entitled to qualified immunity under that version of the facts.  Lee v. Ferraro, 284 F.3d 1188, 1190 (11th Cir. 2002).

A recitation of the facts, including resolving factual discrepancies in favor of Plaintiff, can be found in the instant Report (DE 55, pp. 1-4, 10-13, 15-17). As the instant Report makes clear, the competing versions of the facts from Plaintiff and certain eyewitnesses on one side and Defendants on the other center on the issue of whether Defendants' use of force was reasonable. The following two areas of fact are still in dispute: first, the timing and circumstances of Defendant Mercogliano's shots into Plaintiff's vehicle; and second, the circumstances of Defendants Bowser and Grace's use of force upon Plaintiff.

It is well recognized that the Fourth Amendment contemplates

that a police officer's duty to make an arrest necessarily carries with it the right to use some degree of physical coercion. <u>Ferraro</u>, 284 F.3d at 1197. To determine whether the use of physical coercion in effecting an arrest was "objectively reasonable," the Court considers such factors as "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Id.</u> at 1197-98 (quotation omitted); <u>see also</u> <u>Garrett v. Athens-Clarke County, Ga.</u>, 378 F.3d 1274, 1280 (11th Cir. 2004) (noting that officers "do not use excessive force if they act in an 'objectively reasonable' manner in the light of the facts and circumstances before them.") (citing <u>Graham v. Connor</u>, 490 U.S. 386, 397 (1989)). When a police officer uses so-called "<u>de minimis</u> force," the courts find that the person's rights have not been violated. <u>E.g.</u>, <u>Durruthy v. Pastor</u>, 351 F.3d 1080, 1094 (11th Cir. 2003). Simply put, "the application of de minimis force, without more, will not support a claim for excessive force in violation of the Fourth Amendment." <u>Id.</u> (citation omitted).

The Parties do not dispute that Plaintiff was pulled over in his vehicle once, and then eluded the police until his vehicle came to rest a second time. Turning to the first area of dispute, according to Plaintiff's version of the facts, the second time he was pulled over Defendant Mercogliano approached Plaintiff's car on

the passenger side.  Plaintiff attempted to unlock the passenger side door, but inadvertently lowered the rear passenger window. Defendant Mercogliano then immediately stepped back toward the rear door and fired his weapon into the car, wounding Plaintiff in the left thigh.  Amended Compliant, DE 6, p. 3; <u>see also</u> DE 50, p. 3; DE 51, Ex. A.[1]  Plaintiff alleges that his car was stopped and Plaintiff posed no danger to the safety of Defendants or others. Plaintiff then drove his car forward in a panic and Defendant Mercogliano fired his weapon toward Plaintiff's vehicle while he was driving away.  DE 6, p. 3; <u>see also</u> DE 51, Ex. B, Tr. pp. 194-95, 209-10.  Testimony of several eyewitnesses corroborate that Defendant Mercogliano fired shots at the rear of Plaintiff's car as it drove away from him.  <u>See</u> DE 55, pp. 10-12; Deposition of Michael Dechert, DE 49, Appx. 5, p. 20, & Ex. 3 to Appx. 5, pp. 2-4; Statement of Simeon Salzedo, DE 49, Appx. 6, pp. 5, 7.  This contradicts, and therefore displaces, Defendants' version of the facts that Defendant Mercogliano only shot at Plaintiff's car, including wounding Plaintiff, as Plaintiff was driving at him.  DE 55, pp. 12, 16; Deposition of Joseph Mercogliano, DE 49, Appx. 2, pp. 20, 22-24, 26.  Taking Plaintiff's version of the facts as true, the Court finds that Defendant Mercogliano discharged his

---

[1] By prior Order (DE 53), Magistrate Judge White deemed DE Nos. 50 and 51 to be appended to Plaintiff's Response (DE Nos. 39 & 40) to the instant Motions.

5

weapon at close range when Plaintiff was stopped in his vehicle attempting to comply with his command to open the door, and said conduct was an unreasonable use of force in effecting Plaintiff's arrest.  Thus, qualified immunity does not shield Defendant Mercogliano from suit and the Court shall deny Defendant Mercogliano's instant Motion (DE 22)

Turning to the second area of dispute, that of Defendants Bowser and Grace's use of force upon Plaintiff, the Court finds that they are not entitled to the protection of qualified immunity. Plaintiff alleges that Defendants Bowser and Grace kicked and punched him in effecting his arrest.  Plaintiff's Amended Civil Rights Compliant (DE 6) alleges that all Defendants kicked and punched Plaintiff upon arresting him.  Said Complaint does not state whether this use of force continued after he was placed in handcuffs.  Plaintiff's Response (DE 39) to Defendants' instant Motions does state in its recitation of facts that Plaintiff was punched and kicked after handcuffs were imposed and he was in custody.  DE 39, p. 3.  Defendants contest the extent of Plaintiff's injuries and whether the force used was reasonable. DE 48.  However, Defendants fail to establish that Plaintiff's allegations of force laid upon him after the handcuffs were applied contradict evidence in the record.  Thus, on these contrary allegations, the Court must accept Plaintiff's allegations as true. Bruce, 498 F.3d at 1236 n.2.

While the arrest of an individual is often brought about through a tolerable degree of force used, use of force will generally be found to violate the Forth Amendment when it is used after the individual is handcuffed and in the custody of police officers. Ferraro, 284 F.3d at 1199; Slicker v. Jackson, 215 F.3d 1225, 1233 (11th Cir. 2000). Here, Plaintiff's allegations include that he was kicked and punched after the officers had placed him in handcuffs, and after he was shot in the leg. On these facts, the Court finds that qualified immunity is not appropriate and thus denies Defendants Bowser and Grace's instant Motion (DE 24).

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Defendants' Objections To Report Of Magistrate Judge (DE 56) be and the same is hereby **OVERRULED**;

2. That the Report Of Magistrate Judge (DE 55) filed herein by United States Magistrate Judge Patrick A. White be and the same is hereby approved, adopted and ratified by the Court consistent with this Order;

3. That Defendant Joseph Mercogliano's Motion To Dismiss (DE 22), which has been converted into a Motion For Summary Judgment, be and the same is hereby **DENIED**; and

4. That Defendants Steven Bowser and Jason Grace's Motion To Dismiss (DE 24), which has been converted into a Motion For Summary

Judgment, be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this ___19th___ day of March, 2008.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel Of Record

The Honorable Patrick A. White
United States Magistrate Judge

Ronald C. Williams, pro se
DC #L16890
Okechobee Correctional Institution
3420 NE 168th Street
Okechobee, FL 34972