UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-60383-CIV-ZLOCH

RONALD C. WILIAMS,

Plaintiff,

vs.

JOSEPH MERCOGLIANO, STEVEN BOWSER, and JASON GRACE,

Defendants.
_______________________________/

**O R D E R**

THIS MATTER is before the Court upon Plaintiff Ronald C. Williams's Motion For A New Trial (DE 130). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Plaintiff initiated the above-styled cause pursuant to 42 U.S.C. § 1983 seeking damages from Defendant police officers for alleged violations of his constitutional rights. Defendants filed Motions To Dismiss (DE Nos. 22 & 24) on the ground of qualified immunity. After denying the same (DE 57), the Court referred this matter to the Volunteer Lawyers Project. Several attorneys from the law firm of Carlton Fields briefly appeared on Plaintiff's behalf. DE 90. They later moved to withdraw on the ground that Plaintiff withdrew his authorization for them to represent him and that he wished to proceed pro se. DE 107. The matter proceeded to trial, with Plaintiff representing himself, and a jury returned a verdict for Defendants. The jury found that no Defendant intentionally committed acts violating Plaintiff's constitutional

rights and none was the proximate cause of damages he suffered. See DE Nos. 124-126. Plaintiff now moves for a new trial, on four grounds. Plaintiff claims (1) the verdicts were against the weight of the evidence, (2) the Court erroneously instructed the jury on Florida state law, (3) errors prejudicial to Plaintiff were made during the trial that rendered the same unfair to him, and (4) Plaintiff has received evidence not disclosed to him prior to trial "that would have had an impact on trial preparation, court rulings, objections and evidence presentation." DE 130, pp. 1-2.

Federal Rule of Civil Procedure 59 provides that the Court may grant a new trial "for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The Rule empowers the Court to prevent a miscarriage of justice. 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2803 (2d ed. 1995). "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." Id.

As to Plaintiff's first ground, the Court finds that the verdicts rendered by the jury were not against the great weight of the evidence. After observing the demeanor and manner of testifying of all witnesses, the Court found the Defense witnesses credible, including Defendants themselves and emergency room

personnel. Therefore, Plaintiff is not entitled to a new trial on this ground. Ard v. Southwest Forest Indus., 849 F.2d 517, 520 (11th Cir. 1988).

Next, Plaintiff claims that the Court erroneously instructed the jury on Florida state law. His memory of the Court's instructions is mistaken. Defendants proposed a substantive instruction that phrased their rights and responsibilities in light of Florida law. See DE 113, pp. 17-18. The Court denied this requested instruction and instructed the jury only on the federal law applicable to the Fourth Amendment. See DE 121, pp. 10-11. Thus, there was no instruction on Florida law given, and Plaintiff's argument on this ground is frivolous. Moreover, Plaintiff never filed proposed jury instructions, nor requested additional instructions at the charge conference, nor objected to the instructions before or after they were given, nor requested additional instructions after the jury was charged. He has waived any objection to the Court's instructions. See United States v. Ochoa-Vasquez, 428 F.3d 1015, 1035 (11th Cir. 2005).

In the Affidavit attached to the instant Motion, Plaintiff makes reference to the jury's request during their deliberations to be provided with a copy of Florida's state law regarding the use of deadly force by police officers. DE 130, p. 4, ¶ 11; see also DE 122.[1] He insists that the jury was improperly considering state

[1] The Court denied this request. DE 123.

law during their deliberations. The Court will not enter the sanctum of the jury room to inquire as to what influenced their deliberations. Tanner v. United States, 483 U.S. 107, 116-27 (1987).

Third, Plaintiff makes the blanket assertion that "[s]erious prejudicial errors were made in the conduct of the trial that rendered the proceedings unfair to pro se plaintiff." DE 130, ¶ 3. In his Affidavit he details these supposed errors.

Plaintiff complains that he appeared at trial without civilian clothes and in restraints, thus prejudicing the jury against him. By prior Order (DE 103) the Court granted Plaintiff's Emergency Motion To Permit His Attendance At Trial In Civilian Clothing And Remain Unrestrained (DE 98), filed by his then-counsel. The Court ordered that Plaintiff be allowed to appear in civilian clothes and left the specifics of effecting this up to the United States Marshals Service, who provide the security to the courthouse. DE 103. Further, Plaintiff and his then-counsel were responsible for procuring civilian clothes. Id. The Court also stated that the matter of appearing in restraints would rest solely with the Marshals Service. Plaintiff makes no argument that he or his former counsel tried to have him in civilian clothing during the trial and that the marshals prevented it or that the marshals impermissibly left him restrained. In fact, Plaintiff remarks that he was treated fairly by the marshals "who did all they could to

get as much material and information to the plaintiff." DE 130, p. 5, ¶ 13. The Court specifically left the matter of clothing and restraints up to the Marshals Service in the interest of security. Without any allegation of wrongdoing, Plaintiff cannot be heard to complain.

Plaintiff also predicates prejudice, apparently, on the fact that he was brought to the courthouse by officers of the Florida Department of Corrections. DE 130, p. 3, ¶¶ 4, 7. It seems that Plaintiff misreads the import of the Court's prior Order (DE 103) allowing him to appear in civilian clothing. Plaintiff was and remains a state prisoner, held in the custody of Florida law enforcement. While the United States Marshals provide security to the federal courthouse, they do not take custody of state prisoners litigating federal civil claims. It is not within the Court's power to order the Florida Department of Corrections to relinquish Plaintiff into the Marshals' custody. There is no error.

Plaintiff also argues that he had motions pending prior to trial and was prejudiced by the Notice Of Appearance (DE 90) filed by his attorneys. The docket reveals that the Court ruled on all motions filed by Plaintiff before the attorneys filed an appearance on his behalf. Regarding motions Plaintiff purported to file pro se after he was represented, the Court was powerless to consider them because Plaintiff was prohibited from filing the same. See S.D. Fla. L.R. 11.1.D.4. When said counsel made an appearance, the

Court timely ruled on all motions filed on behalf of Plaintiff. A motion for a new trial is not the proper vehicle by which to complain of the performance of counsel.

Plaintiff's last ground for error causing prejudice was that the Marshals Service was still in the process of serving a subpoena during the course of the trial. The result was that Plaintiff was without the benefit of evidence to be obtained from this subpoena. However, at trial when this came up, Plaintiff offered no objection to the trial continuing without benefit of the subpoena being served. Rather, he was amenable to going forward with what evidence he had. The Court finds that Plaintiff waived this matter by his failure to object or request a continuance.

Plaintiff's final ground for the Court granting a new trial is that he received "newly discovered information (evidence)" that would have altered the outcome of his trial. DE 130, ¶ 4. Newly discovered evidence can be a proper ground for granting a new trial. 11 Wright, Miller & Kane, <u>Federal Practice and Procedure</u>: Civil 2d § 2808 (2d ed. 1995). However, the Court must make a finding that the newly discovered evidence is admissible and would likely produce a new result at a retrial. <u>Id.</u>; <u>see also</u> <u>Toole v. Baxter Healthcare Corp.</u>, 235 F.3d 1307, 1316 (11th Cir. 2000). In the twenty-two pages submitted with the instant Motion (DE 130) Plaintiff does not state what the newly discovered evidence actually is. There is no argument, or factual basis to find, that

the evidence is admissible. Likewise, there is neither argument nor factual basis to find that the evidence would be "probably effective to change the result of the former trial." Wright & Miller, supra § 2808. Therefore, Plaintiff has failed to establish that admissible evidence was newly discovered that would change the result of his trial.

In addition, a movant seeking new trial on the ground of newly discovered evidence must have been excusably ignorant of the evidence in order to warrant this relief. Id. Plaintiff argues that the attorneys from the law firm of Carlton Fields who briefly represented him had evidence that they kept from him. DE 140, pp. 4-5. This fact negates his argument for a new trial. Plaintiff's dispute, if any, is with his former counsel, not with this Court's management of this matter. Cf. DE 130, p. 5, ¶ 13 ("In closing the affiant must assert that upon arrival at the United States Court House the plaintiff was treated fairly by the Court and Marshalls who did all they could to get as much material and information to the plaintiff."). If Plaintiff's former counsel were withholding evidence from him, which they represented to the undersigned's staff that they were not, he may have recourse against them directly. Problems between counsel and client cannot operate to prejudice Defendants with a new trial. See Jochum v. Schmidt, 570 F.2d 1229, 1231-32 (5th Cir. 1978) (imputing attorney knowledge and conduct to client and noting that "it would be grossly inequitable

to allow the defendant to suffer the duplicative costs and fees as incurred as a result of plaintiffs' counsel's impedance").[2] Thus, the Court finds that Plaintiff has argued no ground sufficient to warrant a new trial.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Plaintiff Ronald C. Williams's Motion For A New Trial (DE 130) be and the same is hereby **DENIED.**

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 4th day of November, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel Of Record

Ronald C. Williams, pro se
DC #L16890
Okechobee Correctional Institution
3420 NE 168th Street
Okechobee, FL 34972

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.