```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

              CASE NO. 07-60383-CIV-ZLOCH
```

RONALD C. WILLIAMS,

    Plaintiff,

vs.                                           **O R D E R**

JOSEPH MERCOGLIANO, STEVEN
BOWSER, and JASON GRACE,

    Defendants.
_____/

THIS MATTER is before the Court upon Defendants Motion To Tax Costs (DE 133). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

Defendants move for taxation of costs pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. §§ 1920 and 1927.[1] Rule 54(d) provides that costs other than attorney's fees shall be allowed as of course to the prevailing party unless the court otherwise directs. Section 1920 provides that a court may tax (1) fees of the clerk and marshal, (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case, (3) fees and disbursements for printing and

---

[1] Section 1927 also allows an award of costs against a person who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. The statute "is penal in nature and must be strictly construed." Smartt v. First Union National Bank, 245 F. Supp. 1229, 1234 (M.D. Fla. 2003). It is inapplicable to this action.

witnesses, (4) fees for exemplification and copies of papers necessarily obtained for use in the case, (5) docket fees under 28 U.S.C. § 1923, and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. The Court will address each of Defendants' requests in turn.

By the instant Motion (DE 133) and the attached Bill Of Costs (DE 133, Ex. A), Defendants seek to recover court reporter costs and costs for exemplification of records and exhibits.  While such costs are recoverable under § 1920, "like with depositions, in evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." E.E.O.C. v. W&O, Inc., 213 F.3d 600, 623 (11th Cir. 2000).

Defendants have failed to offer any argument to support their claim that these costs were necessarily incurred for trial.  They do cite Local Rule 7.3 as grounds for the recovery of their costs. That Rule requires any Bill of Costs to"be submitted on form (or in form substantially similar to AO 133 of the Administrative Office of the United States Courts."  S.D. Fla. L.R. 7.3.C.  The instant Motion (DE 133) conforms to Form AO 133.  However, as cited above, a federal statute, 28 U.S.C. § 1920, and Eleventh Circuit case law, e.g., W&O, Inc., require a showing to be made by the movant that

2

the items were necessarily obtained and a finding by the Court to the same effect.  To the extent Local Rule 7.3 would dispense from this requirement in § 1920, the Local Rule does not control.  See Fed. R. Civ. P. 83(a)(1) ("A local rule must be consistent with . . . federal statutes and rules . . . .").  Defendants offer no argument that these costs were necessarily incurred, and, thus, the Court is unable to make such a finding.[2]  Therefore, the Court will deny Defendants' requested recovery of costs for court reporters and exemplification.

The remaining costs for service of summonses and subpoenas and witness fees sought by Defendants are recoverable under § 1920.  Defendants are entitled to recoup the same.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants Motion To Tax Costs (DE 133) be and the same is hereby **GRANTED** in part and **DENIED** in part as follows:

1. To the extent the instant Motion seeks to recover costs incurred for service of summonses and subpoenas and witness fees, it be and the same is hereby **GRANTED**;

2. Defendants do have and recover from Plaintiff Ronald C. Williams the sum of $1,499.00 as costs incurred in the above-styled

---

[2] As stated in the instant Motion, "Defendants do not request a hearing."  DE 133, p. 3.

cause, for all of which let execution issue; and

    3. In all other respects the instant Motion (DE 133) be and the same is hereby **DENIED**.

    **DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   6th   day of November, 2008.

                      /s/ William J. Zloch
                      WILLIAM J. ZLOCH
                      United States District Judge

Copies furnished:

All Counsel of Record

Ronald C. Williams, pro se
DC #L16890
Okeechobee Correctional Institution
3420 NE 168th Street
Okeechobee, FL 34972-4824